# IN THE COURT OF APPEALS OF IOWA

No. 13-0705
Filed June 11, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KALANDIS RASHIRD MCNEIL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.


        Kalandis McNeil appeals his conviction for indecent exposure.
**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Martha Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, Michael J. Walton, County Attorney, and Alan Havercamp, Assistant County Attorney, for appellee.


        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

Kalandis McNeil appeals his conviction for indecent exposure. He claims the district court failed to adequately inform him of the consequences of his sentence after his guilty plea. The State claims McNeil's appeal is barred because he did not file a motion in arrest of judgment. We find McNeil was notified of the requirement to file a motion in arrest of judgment, and having failed to do so, we affirm his conviction.

## I.      Background Facts and Proceedings

On January 25, 2013, Kalandis McNeil was charged with indecent exposure. He filed a written guilty plea on February 12, 2013, waiving his right to file a motion in arrest of judgment and presence at sentencing. The district court sentenced him to 120 days in the county jail, all days suspended, and imposed a $315 fine. McNeil was further ordered to register as a sex offender for a period of ten years.

On April 2, 2013, the district court noted an error in McNeil's sentence and scheduled a hearing on April 10, 2013, to correct the problem. At the hearing, McNeil was informed the sentencing judge had failed to impose the special sentence pursuant to Iowa Code section 903B.2 (2011).[1] Because McNeil had not been informed of the parole requirement, he was given the option to withdraw his plea or proceed and be resentenced. After a brief discussion of the consequences of each choice, McNeil elected to have his sentence amended.

---

[1] A person convicted of a misdemeanor, under chapter 709, shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa Department of Corrections for a period of ten years, with eligibility for parole as provided in chapter 906.

The district court amended the sentence to include the special sentence requirement.

McNeil did not file a motion in arrest of judgment but filed a notice of appeal on May 2, 2013.

## II.    Discussion

McNeil did not file a motion in arrest of judgment, which is normally required to appeal a guilty plea.  *See* Iowa R. Crim. P. 2.24(3)(a).  He claims he was not required to file the motion because he was not made aware of the requirement during the plea proceedings.

Iowa Rule of Criminal Procedure 2.8(2)(d) instructs the court to "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." McNeil's written plea reads, in part:

> If I claim there are any irregularities or errors in this guilty plea, I must file a Motion in Arrest of Judgment not later than 45 days after this plea of guilty . . . .  Failure to do so will preclude my right to assert any defects in this plea in any appeal to the Iowa Supreme Court.

McNeil also filed a waiver of his presence at sentencing.  This form also included a waiver of the right to appeal from any irregularities in his guilty plea by filing a motion in arrest of judgment.  Because the charge was a serious misdemeanor, the district court was not required to personally advise McNeil of his right to file a motion in arrest of judgment; it was enough to inform him in writing.  *State v.*

*Barnes*, 652 N.W.2d 466, 468 (Iowa 2002). McNeil was informed of the requirement to file a motion in arrest of judgment on February 12, 2013.

The dispute in this case arises because of the second hearing after the district court found the sentencing error. McNeil claims the second proceeding was a second guilty plea, during which he was not informed about filing a motion in arrest of judgment. We do not view the second hearing in the same way. The district court offered McNeil two choices, he could "persist" or "keep" his plea, or he could withdraw the plea and proceed to trial.[2] McNeil made a choice to "continue with my plea." There is no indication McNeil, or the district court, considered this to be a new guilty plea. The only new portion of the proceeding was the sentencing. Accordingly, the effective plea remained the written plea filed and accepted on February 12, 2013, which included the information regarding the filing of a motion in arrest of judgment. Having been adequately informed of the requirement in the written plea, McNeil's appeal is barred by Iowa Rule of Criminal Procedure 2.24(3)(a).

**AFFIRMED.**

---

[2] The claimed legal basis for the option to withdraw the plea and proceed to trial is not clear on the record.